JAMES TALCOTT, INC., APPELLANT, *v.* TAYLOR INDUSTRIES, INC., ET AL., APPELLEES.

[Cite as James Talcott, Inc., v. Taylor Industries, 1 Ohio App. 2d 111.]

(No. 9419—Decided December 16, 1963.)

*Mr. Morris G. Sullivan,* for appellant.
*Messrs. Graydon, Head & Ritchey,* for appellees.

HOVER, P. J.  This is an appeal on questions of law from a judgment of the court below dismissing Taylor Industries, Inc., and James J. Taylor, Jr., defendants and appellees herein, from an action pending in that court, namely, *Talcott, Inc.,* v. *Sayve Corporation of America* (No. A-195 107) on the docket of such court.  The matter was considered on the transcript of the docket and journal entries, a stipulation of fact from the court below, and the briefs and arguments of counsel.

It is not necessary to embark upon a full recitation of the complicated set of facts posed by the pleadings.  It is admitted that the above-mentioned defendants did not receive any notice whatsoever of a proposed sale by a mortgagee-assignee of the property covered by a chattel mortgage and a note on which the defendants were the original debtors.  The correctness of the judgment below hinges upon the interpretation of Section 1319.07 of the Revised Code, which provides, in effect, that the assignee of a chattel mortgagee (the plaintiff, appellant herein) who takes the mortgaged property out of the possession of the mortgagor (Taylor Industries, Inc.) or its assignee (Sayve Corporation of America) and disposes of the property without foreclosure shall not have a deficiency judgment against the mortgagor.  While the chattels herein were not taken by seizure or repossession, they were constructively taken by the mortgagee-assignee, Talcott, from the possession of a mortgagor-assignee, Sayve, by agreement—an agreement not known to or participated in by the defendants.  It is undisputed that the required notice which would otherwise permit the creditor to pursue a deficiency judgment was not given to the defendants.

These facts, constituting the material issue in the case and being dispositive of the right of the plaintiff below to a deficiency judgment against Taylor Industries, Inc., and James J. Taylor, Jr., were the proper subject for a motion for a summary judgment, which motion was accordingly granted.

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

HILDEBRANT and LONG, JJ., concur.